**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4197

VERNON KENDALL HAYDEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-95-212)

Submitted: August 20, 1996

Decided: September 23, 1996

Before ERVIN, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Vernon Hayden appeals his conviction and sentence for conspiracy to distribute cocaine base,[1] and carrying and using a firearm during a drug trafficking crime.[2] Hayden contends that the evidence was insufficient to support his conviction, and that the district court improperly refused a requested jury instruction. Finding no reversible error, we affirm Hayden's conviction and sentence.

We review a denial of a motion for acquittal under a sufficiency of the evidence standard.[3] To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational jury to have found the essential elements of the crime beyond a reasonable doubt.[4] All reasonable inferences from the facts proven to those sought to be established may be made.[5]

The government presented substantial evidence that Hayden conspired to distribute cocaine base. Several witnesses testified that they received crack cocaine from Hayden, either for their personal use or to sell. One witness admitted to making several trips to New York and transporting crack cocaine back to North Carolina for Hayden. Another witness testified that she had observed Hayden distributing crack cocaine to other persons. A government agent testified that Hayden attempted to buy three firearms for an ounce and a half of crack cocaine. Additionally, a search of Hayden's residence and an adjacent apartment revealed crack cocaine and a firearm that was

_____

[1] 21 U.S.C. § 846 (1988).
[2] 18 U.S.C.A. § 924(c) (West Supp. 1996).
[3] FED. R. CRIM. P. 29; United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 505 U.S. 1228 (1992).
[4] **United States v. Brewer**, 1 F.3d 1430, 1437 (4th Cir. 1993).
[5] **United States v. Tresvant**, 677 F.2d 1018, 1021 (4th Cir. 1982).

2

identified by a witness as traded to Hayden for $275 of cocaine. Hayden's action of bartering drugs for guns constitutes "using a firearm" for purposes of § 924(c).**6** Based upon the evidence presented at trial, we find the evidence sufficient for a rational trier of fact to convict Hayden of conspiracy to distribute cocaine base, **7** and carrying and using a firearm during drug trafficking.**8**

Finally, Hayden asserts that the district court erred by refusing to instruct the jury after it had already begun its deliberations that he could not be convicted of conspiring with a paid government informant. Because Hayden failed to preserve the issue by requesting the instruction prior to the jury's deliberations, we review this claim for plain error that affects substantial rights.**9**

We do not find the court's failure to issue the jury instruction after the jury began its deliberation to be plain error. The necessity, extent, and character of any supplemental jury instruction is a matter solely within the trial court's discretion.**10** When Hayden finally requested an instruction concerning a paid government informant, the trial court had already instructed the jury regarding the credibility of witnesses, immunity of witnesses, witnesses who had used addictive drugs, and the inability to conspire with a government agent. Together, these instructions informed the jury that an informant's testimony must be weighed with greater care to determine if the testimony was affected by interest or prejudice. Additionally, evidence at trial supported the jury's verdict independent of any activities conducted by a paid government informant. Consequently, we find no reasonable probability that the instruction would have changed the outcome of the trial.

_____

**6** **Bailey v. United States**, ___ U.S. ___, 64 U.S.L.W. 4039, 4042 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492).

**7** 21 U.S.C. § 846 (1988).

**8** 18 U.S.C.A. § 924(c) (West Supp. 1996).
**9** FED. R. CRIM. P. 52(b); see United States v. Olano, 507 U.S. 725, 731-32 (1993).
**10** **United States v. Horton**, 921 F.2d 540, 546 (4th Cir. 1990), cert. denied, 501 U.S. 1234 (1991).

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4